| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:20-CR-00019 |
| | § | |
| THADDIUS JOSEPH THOMAS | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Thaddius Joseph Thomas's ("Thomas") *pro se* Motion to Correct Judgment (#78), wherein Thomas seeks adjustment of his term of imprisonment. Having considered the motion, the record, and the applicable law, the court is of the opinion that Thomas's motion should be denied.

I.   Background

On December 21, 2019, Beaumont Police Department ("BPD") officers were dispatched to an armed robbery that occurred in Beaumont, Texas, within the Eastern District of Texas. Thomas and another subject, identified as Tremaurice Arthur Randall ("Randall"), who both brandished handguns, forcibly removed the victim ("JR") from his vehicle. When JR resisted, Thomas struck him in the back of the head with the firearm and fired a single shot toward JR's feet. Thomas and Randall fled in JR's vehicle, and JR and his brother pursued in another vehicle. The pursuit terminated at the intersection of Eastex Freeway and Dowlen Road where Thomas and Randall abandoned the stolen vehicle and ran on foot. They were chased by JR on foot to the La Cantina restaurant parking lot, where JR detained Randall until police arrived, but Thomas escaped. JR then discovered $4,000 was missing from his vehicle.

On January 30, 2020, BPD officers arrested Thomas after he failed to stop his vehicle during a routine traffic stop. Thomas led police on a chase until he crashed his vehicle at 3940

Buffalo Street in Beaumont, where he was taken into custody.  Police recovered a 9mm pistol from the front floorboard of Thomas's vehicle.

On March 4, 2020, a grand jury in the Eastern District of Texas returned a four-count Indictment against Thomas, charging him in Count One with Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371, in Count Two with Carjacking, in violation of 18 U.S.C. § 2119, in Count Three with Possessing, Brandishing, and Discharging a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1), and in Count Four with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).  On January 15, 2021, after pleading guilty to Counts Two and Three, Thomas was sentenced by this court to a term of 198 months' imprisonment.  The Judgment specified that his term of imprisonment was to run consecutively to his "imprisonment under any previous state or federal sentence and with any future sentences of imprisonment imposed in Docket Nos. 20-34303, 20-34304, 20-34305, and 325633, all in Jefferson County, Texas."

At the time of his sentencing, Thomas had three pending charges in the 252nd District Court of Jefferson County, Texas:  two charges for Evading Arrest with a Motor Vehicle in Docket No. 20-34303 and Docket No. 20-34305 as well as one charge for Burglary of a Habitation in Docket No. 20-34304.  Thomas also had a pending charge in the Jefferson County Court at Law for Terroristic Threat, in Docket No. 325633.  Following his federal sentencing, on October 1, 2021, the 252nd District Court of Jefferson County sentenced Thomas to 10 years' imprisonment as to Docket No. 20-34303, ten years' imprisonment as to Docket No. 34305, and twenty years' imprisonment as to Docket No. 20-34304, all to run concurrently.  In addition, on October 8,

2021, the Jefferson County Court at Law sentenced Thomas to an additional 30 days' imprisonment as to Docket No. 325633.

II.   Analysis

The court interprets Thomas's motion as contending that the State of Texas did not give him credit against his state sentences for the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum—from March 9, 2020 to January 25, 2021. Thomas appears to request that the court amend his judgment in this case to give him credit for that time.

Thomas requests relief under Rule 36 of the Federal Rules of Criminal Procedure. The Rule states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36; *see United States v. Smith*, No. 24-50119, 2024 WL 4764275, at *1 (5th Cir. Nov. 13, 2024); *United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023); *United States v. Raiford*, 593 F. App'x 383, 383 (5th Cir. 2015). "[T]he purpose of Rule 36 is 'only to correct mindless and mechanistic mistakes.'" *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (quoting *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016)); *accord United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014); *United States v. Phillips*, No. 13-286, 2022 WL 17415077, at *2 (E.D. La. Dec. 5, 2022). "A clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another." *Raiford*, 593 F. App'x at 383; *accord United States v. Vacchino*, 174 F.4th 932, 941 (5th Cir. 2026); *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)). "'Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or

inadvertently omitted from the judgment, the district court can correct the judgment under' Rule 36." *Cooper*, 979 F.3d at 1089 (quoting *Ramirez-Gonzalez*, 840 F.3d at 247). "Rule 36 does not cover deliberate drafting choices." *Id.*; *Ramirez-Gonzalez*, 840 F.3d at 247. "Rule 36 may not be used to make a substantive alteration to a criminal sentence or to correct errors of law." *United States v. Calixte*, No. 23-12412, 2024 WL 4799712, at *1 (11th Cir. Nov. 15, 2024) (citing *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004)). Thus, the power to correct a written judgment is limited under Rule 36. *United States v. Read*, 118 F.4th 1317, 1322 (11th Cir. 2024) (quoting *Portillo*, 363 F.3d at 1164-65).

Similarly, "Rule 36 does not encompass sentence modifications." *Willis*, 76 F.4th at 472 (quoting *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994)). Hence, Rule 36 may not be used to make a substantive alteration to a criminal sentence. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008); *Phillips*, 2022 WL 17415077, at *2. Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correct[ion] of 'errors made by the court itself.'" *Phillips*, 2022 WL 17415077, at *2 (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *accord United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993); *United States v. Middleton*, No. 6:16-56-s-9, 2022 WL 15089909, at *2 (S.D. Tex. Oct. 25, 2022). Likewise, "Rule 36 may not be used to alter final judgments to conform to intended consequences regarding prior custody credits." *Middleton*, 2022 WL 15089909, at *2 (citing *Werber*, 51 F.3d at 343). "Indeed, '[c]ourts have consistently rejected attempts to invoke Rule 36 as a *post hoc* justification to shorten a sentence under U.S.S.G. § 5G1.3 or § 5K2.23.'" *Middleton*, 2022 WL 15089909, at *2.

Thus, Rule 36 is an "appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written judgment." *Illies*, 805 F.3d at 610 (citing *Spencer*, 513 F.3d at 491-92); *accord United States v. Bernardez-Avila*, 613 F. App'x 440, 440 (5th Cir. 2015). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023) (citing *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020)); *accord Vacchino*, 174 F.4th at 941; *United States v. Harris*, 960 F.3d 689, 696 (5th Cir. 2020); *see United States v. Brock*, 797 F. App'x 179, 180 (5th Cir. 2020) (quoting *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)); *United States v. Ivy*, 735 F. App'x 151, 151 (5th Cir. 2018). In contrast, when the written judgment accurately reflects the court's oral pronouncement at sentencing, the court has no authority to correct the defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *Middleton*, 2022 WL 15089909, at *2 (citing *United States v. Castro*, No. C-99-289, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011)); *see United States v. Roth*, 359 F. App'x 453, 454-55 (5th Cir. 2009) (denying motion under Rule 36 where the judgment is consistent with the court's verbal explanation of the sentence and does not contradict anything that the judge said at the sentencing hearing).

Here, Thomas is not seeking to rectify a clerical error in the judgment. Rather, he is seeking to modify the term of imprisonment. A post-judgment challenge to the court's determination of the term of imprisonment cannot be considered a clerical error as defined under Rule 36. *See Middleton*, 2022 WL 15089909, at *2 (citing *Werber*, 51 F.3d at 343).

Further, Thomas's state court judgment in Docket No. 20-34303 indicates that he was awarded total jail time credit in the amount of 632 days, and his judgments in Docket Nos.

5

20-34304 and 20-34305 state that he was awarded total jail time credit in the amount of 602 days. Thus, it appears that Thomas received credit for the time he spent in federal custody pursuant to the writ of habeas corpus ad prosequendum against his state sentences. "Time spent by a prisoner in federal custody for the purpose of appearing in federal court via a writ of habeas corpus ad prosequendum is not counted towards the federal sentence if that time was credited toward his state sentence." *Lopez v. Jeter*, 170 F. App'x 894, 895 (5th Cir. 2006) (citing 18 U.S.C. § 3585(b); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)). Accordingly, Thomas's motion must be denied.

III.    Conclusion

As defined under Federal Rule of Criminal Procedure 36, there has been no clerical error. Thus, the court has no authority to amend the judgment. Accordingly, Thomas's Motion to Correct Judgment (#78) is DENIED.

SIGNED at Beaumont, Texas, this 17th day of June, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE